UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEITH HUNTER, an individual, and
ELAINE HUNTER, an individual,

           Plaintiffs,

    v.

BANK OF AMERICA, N.A., et al.,

           Defendants.

CASE NO. C16-1718 RAJ

ORDER

       This matter comes before the Court on Plaintiffs' motion for leave to file a third amended complaint. Dkt. # 43. Defendants Nationstar Mortgage LLC ("Nationstar") and HSBC Bank USA, N.A. ("HSBC") oppose the motion. Dkt. # 46.

       Amendment to pleadings is governed by Federal Rule of Civil Procedure 15(a). Rule 15(a) "provides that a party's right to amend as a matter of course terminates 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." *Montz v. Pilgrim Films & Television, Inc.,* 606 F.3d 1154, 1159 n. 1 (9th Cir. 2010); Fed. R. Civ. P. 15(a)(1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ.

P. 15(a)(2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate a decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez,* 942 F.2d 617, 628 (9th Cir. 1991); *United States v. Webb,* 655 F.2d 977, 979 (9th Cir. 1981). Further, the policy of favoring amendments to pleadings should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987).

Against this extremely liberal standard, the Court may deny leave to amend after considering "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). But "[n]ot all of the factors merit equal weight . . . it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis omitted). The party opposing amendment bears the heavy burden of overcoming this presumption. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Plaintiffs filed the instant motion on the same day that the Court lifted the litigation stay. Dkt. ## 42, 43. The parties attempted to resolve their dispute outside the purview of the Court but have been unsuccessful. The proposed third amended complaint incorporates facts that were gleaned during discovery conducted in the course of the mediation. Therefore, Plaintiffs did not unduly delay nor were they dilatory in seeking amendment.

Defendants request that the Court first make a determination on the motion to dismiss that Defendants filed prior to the stay. The Court finds little benefit to this proposed course of action. The Court does not find that Defendants are prejudiced by an amendment, as they may have been forced to file yet another motion to dismiss if the Court had allowed amendment after considering the prior motion to dismiss. Of course,

if Plaintiffs file an additional request to amend their complaint that appears targeted at forestalling a future dispositive ruling, then the Court will consider denying an amendment at that time. At this time, however, the Court finds that Defendants have not sufficiently carried their burden to oppose Plaintiffs' motion for leave to amend the complaint. The Court therefore **GRANTS** Plaintiffs' motion.

Dated this 24th day of April, 2018.

The Honorable Richard A. Jones
United States District Judge