Honorable Richard A. Jones

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEITH HUNTER, an individual, and ELAINE HUNTER, an individual,

Plaintiffs,

v.

BANK OF AMERICA, N.A.; SPECIALIZED LOAN SERVICING, LLC, a Delaware limited liability company; NATIONSTAR MORTGAGE, LLC, a Delaware limited liability company; QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, a Washington corporation; HSBC BANK USA, N.A., as Trustee for Merrill Lynch Mortgage Investors, Inc., Mortgage Pass-Through Certificates, MANA Series 2007-OAR2; JOHN DOES NO. 1-10,

Defendants.

Case No. 2:16-cv-01718 RAJ

**HSBC BANK USA, N.A. AS TRUSTEE FOR MERRILL LYNCH MORTGAGE INVESTORS, INC., MORTGAGE PASS-THROUGH CERTIFICATES, MANA SERIES 2007-OAR2'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION FOR SUMMARY JUDGMENT**

ORAL ARGUMENT REQUESTED

NOTE ON MOTION CALENDAR:
Plaintiffs' MSJ: July 17, 2020
Cross Motion: July 17, 2020

**Holland & Knight LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

## TABLE OF CONTENTS

I. INTRODUCTION .......... 1

II. BACKGROUND .......... 2

A. UNDISPUTED FACTS .......... 2

B. PROCEDURAL HISTORY .......... 3

III. LEGAL STANDARD .......... 4

IV. ARGUMENT .......... 5

A. HSBC HAS NOT VIOLATED THE CPA .......... 5

1. HSBC DID NOT ENGAGE IN UNFAIR OR DECEPTIVE ACTS UNDER THE CPA .......... 6

2. PLAINTIFFS HAVE NO INJURY UNDER THE CPA .......... 8

3. PLAINTIFFS CANNOT DEMONSTRATE CAUSATION UNDER THE CPA .......... 8

4. HSBC IS NOT VICARIOUSLY LIABLE FOR THE ACTS OF ITS AGENTS .......... 9

B. KEITH HUNTER HAS NO STANDING TO ASSERT A CPA CLAIM .......... 10

V. CONCLUSION .......... 11

HSBC'S OPPOSITION TO AND CROSS-MOTION FOR SUMMARY JUDGMENT: Case No. 2:16-cv-01718 RAJ - Page ii

#74810566_v3

**Holland & Knight LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)....................4

*Bain v. Metro. Mortgage Grp., Inc.*, 175 Wn.2d 83 (2012)....................7

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)....................4

*Deutsche Bank Nat. Tr. Co. v. Slotke*, 192 Wn. App. 166 (2016)....................7

*Fair Housing Council of Riverside County, Inc. v. Riverside Two*, 249 F.3d 1132 (9th Cir. 2001)....................5

*Frias v. Asset Foreclosure Servs., Inc.*, 181 Wn.2d 412 (2014)....................5

*Grant County Fire Prot. Dist. No. 5 v. City of Moses Lake*, 150 Wn.2d 791 (2004)....................10

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778 (1986)....................5

*John Davis Co. v. Cedar Glen# Four, Inc.*, 75 Wn.2d 214 (1969)....................6, 7

*King v. Bank of Am., N.A.*, C15-1014-TSZ, 2015 WL 12930129 (W.D. Wash. Dec. 28, 2015)....................9

*Kroshus v. Koury*, 30 Wn. App. 258 (1981)....................9

*Leingang v. Pierce County Med. Bureau, Inc.*, 131 Wn.2d 133 (1997)....................5

**Holland & Knight LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

*Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871 (1990)....4

*Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099 (9th Cir. 2000)....4

*Reeves v. Sanderson Plumbing Prods*., 530 U.S. 133 (2000)....5

*Reisinger v. Deutsche Bank Nat. Tr. Co*., 174 Wn. App. 1060 (2013) (unpublished)....9, 10

*Schnall v. AT&T Wireless Servs., Inc*., 171 Wn.2d 260 (2011)....5

*Sorrel v. Eagle Healthcare, Inc*., 110 Wn. App. 290 (2002)....5

*Stephens v. Omni Ins. Co*., 138 Wn. App. 151 (2007)....9

*T.W. Electrical Serv., Inc. v. Pacific Electrical Contractors Ass'n*, 809 F.2d 626 (9th Cir. 1987)....4

*Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216 (9th Cir. 1995)....4

*Villiarimo v. Aloha Island Air, Inc*., 281 F.3d 1054 (9th Cir. 2002)....4

*Walker v. Quality Loan Serv. Corp*., 176 Wn. App. 294 (2014)....9

*Zetwick v. Cty. of Yolo*, 850 F.3d 436 (9th Cir. 2017)....4

**Statutes**

RCW 61.24.163....7, 8, 10

**Holland & Knight LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

RCW 62A.1-201 .......... 7

**Regulations**

12 C.F.R. § 1024.40 .......... 10

12 C.F.R § 1024.38 .......... 10

**Federal Rules**

Fed. R. Civ. P. 56 .......... 1, 4

Fed. R. Civ. P. 12 .......... 3

HSBC'S OPPOSITION TO AND CROSS-MOTION FOR SUMMARY JUDGMENT: Case No. 2:16-cv-01718 RAJ - Page v

#74810566_v3

**Holland & Knight LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

## DECLARATION OF COMPLIANCE WITH STANDING ORDER

The undersigned counsel certifies that a conference was held with counsel for Plaintiffs Keith And Elaine Hunter ("Plaintiffs") regarding this motion, but that the parties were not able to resolve the matters in dispute. A conference was scheduled by email correspondence to discuss the parties' motions and contemplated cross-motions, and took place by telephone on May 26, 2020. The undersigned counsel further followed up with a voicemail on June 12, 2020 to Plaintiffs' counsel to confirm that the parties had conferred and that further conferral would not be likely to lead to a resolution.[1]

## OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND CROSS MOTION FOR SUMMARY JUDGMENT

Defendant HSBC Bank USA, N.A., as Trustee for Merrill Lynch Mortgage Investors, Inc., Mortgage Pass-Through Certificates, MANA Series 2007-OAR2 ("HSBC"), by and through the undersigned counsel, moves the court under Fed. R. Civ. P. 56 for an order granting summary judgment in its favor on Plaintiffs' claim for violation of the Washington Consumer Protection Act ("CPA").

## I. INTRODUCTION

HSBC is the investor in a loan that is serviced by Defendant Nationstar Mortgage LLC ("Nationstar"). That is the only fact that ties HSBC to this case in any way—HSBC does not service the loan directly and has never had any interactions directly with Plaintiffs. Plaintiffs' claim that HSBC violated the CPA in connection with a foreclosure mediation fundamentally misconstrues the role and authority of the investor in the loan. Nor is there any basis under Washington law for vicarious liability in connection with the relationship between HSBC and its servicing agents Nationstar and Bank of America. In short, HSBC had no material role in the allegations underlying Plaintiffs' claims, and there is no basis either in law or fact for the CPA

[1] On May 14, 2020, Plaintiffs filed a Motion for Summary Judgment as to HSBC and others. Dkt. 76. Plaintiffs did not confer with counsel for HSBC before filing that motion. Declaration of Garrett S. Garfield in Support of Motion For Summary Judgment ("Garfield Decl.") ¶ 2. Nor do Plaintiffs certify that such a conferral occurred. Dkt. 76.

HOLLAND & KNIGHT LLP
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

claim alleged against it. HSBC requests that the court deny Plaintiffs' Motion For Partial Summary Judgment, and grant HSBC's Cross Motion For Summary Judgment.

## II. BACKGROUND

### A. Undisputed Facts

Plaintiff Elaine Hunter signed a promissory note (the "Note") to Countrywide that is secured by a deed of trust ("Deed of Trust") (together, the "Loan") concerning the property located at 7022 NE 170th Street in Kenmore, Washington (the "Property"). Dkt. # 51 at ¶¶ 10–18. Plaintiff Keith Hunter resides in the Property, but is not a signatory on either the Note or Deed of Trust. *Id*. ¶ 17; Declaration of Simon C. Ward Brown in Support of Motion For Summary Judgment ("Nationstar Decl.") Ex. 1.

The Note is payable to HSBC. Nationstar Decl. Ex. 1 at 23. HSBC is in physical possession of the Note via its servicing agent, Nationstar. *Id*. ¶ 6. Nationstar has been in continuous possession of the original Note since April 18, 2014. *Id*. At the time Nationstar received possession of the Note, and at all subsequent times, the Note was indorsed to HSBC. *Id*. Nationstar currently maintains physical possession of the Note in its vault in Dallas, Texas. *Id*.

HSBC is the trustee of a pool of loans gathered in a securitized mortgage trust, and its role is limited to overseeing the pool pursuant to the applicable pooling and servicing agreement. Declaration of Garrett S. Garfield in Support of Motion For Summary Judgment ("Garfield Decl.") Ex. 1 ("Brown Dep."), at 17:15–25). For instance, HSBC does not oversee or participate in individual loan modification requests. Brown Dep. 21:2–11; 137:3–138:20. Wells Fargo is the master servicer of the trust, and its role is to oversee subservicers charged with day-to-day servicing of the loans, including Nationstar. Brown Dep. 18:9–25.

Nationstar began servicing the Loan on or about April 1, 2014, at which time the total amount due on the Loan was $140,843.36. Nationstar Decl. Ex. 6. Ms. Hunter has not made any payments on the Loan while Nationstar has serviced the Loan. *Id*. ¶ 10.

HOLLAND & KNIGHT LLP
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

In 2016, Nationstar engaged in three mediation sessions with Ms. Hunter on behalf of HSBC as its attorney in fact, as follows: on January 11, 2016, March 28, 2016, and April 20, 2016. Nationstar Decl. Exs. 10, 11. After the first mediation session, Nationstar offered Ms. Hunter a loan modification (on or about February 10, 2016). *Id*. Ex. 12.

Ms. Hunter did not accept the loan modification offer. Nationstar Decl. ¶ 16. No agreement was reached as a result of the mediation. *Id*. Ex. 10. The mediator certified that both parties mediated in good faith. *Id*.

**B. Procedural History**

Plaintiffs filed this litigation on or about July 29, 2016 in King County Superior court, filed an Amended Complaint on or about October 6, 2016, and Defendant Bank of America, N.A. ("BANA") removed the case to this court on or about November 4, 2016. Dkt. 1.

Plaintiffs' First Amended Complaint was dismissed as against HSBC for failure to state a claim. Dkt. 27. In their Second Amended Complaint, dkt. 28, Plaintiffs again failed to allege sufficient facts to state a claim against HSBC, but this court granted Plaintiffs' motion for leave to amend before ruling on HSBC's pending motion to dismiss. Dkts. 43, 50. Plaintiffs filed a Third Amended Complaint, which HSBC also moved to dismiss under FRCP 12(b)(6). Dkts. 51, 56. This court dismissed all but the claim for violation of the CPA against HSBC. Dkt. 61. In analyzing that claim, this court characterized it as follows: "Here, Plaintiffs again assert that HSBC is liable under the CPA because it violated the Deed of Trust Act by not possessing 'a hard copy of the original promissory note.' Dkt. # 51 at ¶¶ 208–10. Without the physical note, HSBC could not authorize a notice of trustee sale. *Id*." Dkt. 61 at 11.

Plaintiffs now move for summary judgment against HSBC on the theory that HSBC violated the CPA by not participating in Foreclosure Fairness Act ("FFA") mediation. Plaintiffs also argue that HSBC is vicariously liable for any misconduct of its servicing agents. Dkt. 76 at 27–28.

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

## III. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine issue of material fact that would preclude judgment as a matter of law. FRCP 56(a). The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party does not bear the burden at trial, it can carry its initial burden by presenting evidence that negates an essential element of the nonmoving party's case, or by establishing that the non-movant lacks the quantum of evidence needed to satisfy its burden at trial. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

If the moving party shows the absence of a genuine issue of material fact, the non-moving party must go beyond the pleadings and identify "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324. A "material" fact is one that is (1) "relevant to an element of a claim or defense and whose existence might affect the outcome of the suit," and (2) the materiality of which is "determined by the substantive law governing the claim." *T.W. Electrical Serv., Inc. v. Pacific Electrical Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). "The proper question … is whether, viewing the facts in the non-moving party's favor, summary judgment for the moving party is appropriate." *Zetwick v. Cty. of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017) (citation omitted). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp.*, 477 U.S. at 323–24.

Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Also, uncorroborated allegations and "self-serving testimony" will not create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). Conclusory, nonspecific statements in affidavits are also not sufficient, and missing facts cannot be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990). In short, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy Corp. v.*

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

*Square D Co.*, 68 F.3d 1216, 1220 (9th Cir. 1995). The court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150–51 (2000). When parties file cross-motions for summary judgment each motion "must be considered on its own merits." *Fair Housing Council of Riverside County, Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001).

## IV. ARGUMENT

A CPA claim requires proof of five elements: "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780 (1986). "Failure to satisfy even one of the elements is fatal to a CPA claim." *Sorrel v. Eagle Healthcare, Inc.*, 110 Wn. App. 290, 298 (2002). Whether a particular act or practice is "unfair or deceptive" is a question of law. *Leingang v. Pierce County Med. Bureau, Inc.*, 131 Wn.2d 133, 150 (1997).

The CPA limits compensable injuries to " 'injury to [the] plaintiff in his or her business or property.' " *Frias v. Asset Foreclosure Servs., Inc.*, 181 Wn.2d 412, 430 (2014) (alteration in original) (quoting *Hangman Ridge*, 105 Wn.2d at 780). A plaintiff must show that the alleged injury would not have occurred "but for" the defendant's unlawful acts. *Schnall v. AT&T Wireless Servs., Inc.*, 171 Wn.2d 260, 278 (2011) (citation omitted).

### A. HSBC Has Not Violated the CPA

Plaintiffs' single claim against HSBC for violation of the CPA fails as a matter of law. First, the single theory of liability that survived HSBC's prior motion to dismiss—that HSBC was not in possession of the original Note—is contradicted by the record evidence.

Further, Plaintiffs' claim fails under any theory because the record similarly establishes that they cannot meet the requirement to show an unfair or deceptive act, to show an injury, or to show causation. "Failure to satisfy even one of the elements is fatal to a CPA claim." *Sorrel*, 110 Wn. App. at 298. Rather, the record establishes affirmatively that HSBC has not engaged in any

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

unfair or deceptive acts, and that Plaintiffs could not show any injury caused by HSBC's alleged conduct in any case.

Next, Plaintiffs' vicarious liability theory also fails because Plaintiffs have the burden of proving that HSBC retained the ability to control its servicers, but the evidence shows that this is not the role of HSBC, as the trustee of a securitized mortgage trust.

Finally, assuming Plaintiffs have not abandoned their theory for violation of the CPA based on the assertion that HSBC did not possess the original Note when foreclosure was initiated,[2] that theory fails in the face of the evidence that HSBC held the original Note via its agent, Nationstar, at all relevant times.

**1. HSBC Did Not Engage in Unfair or Deceptive Acts Under the CPA**

*a) HSBC has been in possession of the Note at all relevant times*

As an initial matter, Plaintiffs are foreclosed by this court's previous rulings from asserting several of the theories they purport to raise in their motion against HSBC. The CPA claim against HSBC in the Third Amended Complaint was narrowed by the court in its Order on HSBC's Motion to Dismiss the Third Amended Complaint. Dkt. 61. Plaintiffs argued in their opposition to HSBC's Motion to Dismiss the Third Amended Complaint that the court should permit them to maintain a claim against HSBC for Nationstar's conduct. Dkt. 58 pp. 15–16. The court implicitly rejected that argument and narrowed the claims against HSBC solely to the theory that it had not held the Note at the appropriate time. Dkt. 61 at pp. 7–12. Plaintiffs were given leave to further amend but did not do so. Plaintiffs are thus confined to the claim as designated in the court's order on HSBC's Motion to Dismiss the Third Amended Complaint. *Id*. However, Plaintiffs appear to have abandoned that theory and do not address it in their motion for summary judgment. Dkt. 76.

To the extent Plaintiffs have not abandoned that theory, the evidence shows that HSBC has held the Note at all relevant times. Plaintiffs do not appear to dispute the well-settled law in Washington that the holder of a note is entitled to enforce it. *John Davis Co. v. Cedar Glen# Four,*

---

[2] Which was the only theory to survive the prior motion to dismiss.

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

*Inc.*, 75 Wn.2d 214, 222–23, (1969) ("The holder of a negotiable instrument may sue thereon in his own name[.]"); *see also Deutsche Bank Nat. Tr. Co. v. Slotke*, 192 Wn. App. 166, 168, *review denied sub nom.*, 185 Wn.2d 1037 (2016) ("The holder of a promissory note secured by a deed of trust has authority to elect to commence a judicial foreclosure of that deed of trust."); RCW 62A.1-201(21)(A) (defining "holder" of negotiable instrument as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession[.]").

Here, HSBC—via its servicing agent Nationstar—has been in physical possession of the original Note, which is endorsed to HSBC, from April 18, 2014 to the present. Nationstar Decl. ¶ 6; Ex. 1 at 23. Thus HSBC was in possession of the Note during the 2015 and 2016 foreclosure proceedings. Washington law expressly contemplates that the beneficiary may act through an agent. *Bain v. Metro. Mortgage Grp., Inc.*, 175 Wn.2d 83, 106 (2012) ("nothing in this opinion should be construed to suggest an agent cannot represent the holder of a note. Washington law, and the deed of trust act itself, approves of the use of agents.") (citing *former* RCW 61.24.031(1)(a) (2011)). Plaintiffs' CPA claim against HSBC thus fails as a matter of law.

*b) HSBC did not commit any unfair or deceptive act in connection with foreclosure mediation*

Even if Plaintiffs' further theories of liability are considered, they each fail as a matter of law. Specifically, Plaintiffs cannot show that HSBC engaged in any unfair or deceptive act or practice in connection with foreclosure mediation. Plaintiffs assert that HSBC failed to properly participate in foreclosure mediation and violated RCW 61.24.163 by failing "to ensure that Nationstar had the ability to discuss and respond to the range of possible workout plans, which doomed the mediation to fail." Dkt. 76 at 28. Washington law shows that theory is without merit.

First, RCW 61.24.163(8)(a), by its terms, does not require a beneficiary to *personally* participate in mediation. Rather, the statute expressly allows the beneficiary's "authorized agent" to participate on its behalf. *Id.* Nor does RCW 61.24.163 require a beneficiary or its agent to offer

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

an exhaustive suite of possible workouts for a homeowner. Instead, RCW 61.24.163(9) provides that the mediation participants "must address the issues of foreclosure that may enable the borrower and the beneficiary to reach a resolution, including but not limited to reinstatement, modification of the loan, restructuring of the debt, or some other workout plan." In other words, RCW 61.24.163(9) does not require a party to offer a loan modification. It merely requires the parties to discuss the options that "*may* enable the borrower and the beneficiary to reach a resolution." (Emphasis added.)

Here, the record establishes that Nationstar is HSBC's attorney in fact and was its authorized agent to engage in foreclosure mediation on HSBC's behalf. Nationstar Decl. Ex. 11. And, as explained in detail in Nationstar's Opposition And Cross-Motion For Summary Judgment, Nationstar did in fact participate in mediation, did in fact consider all available loan modification options, and did in fact offer a modification to Ms. Hunter. Plaintiffs accordingly cannot show any violation or RCW 61.24.163(8), or any other unfair or deceptive act for purposes of the CPA on HSBC's part. HSBC is therefore entitled to summary judgment.

**2. Plaintiffs Have No Injury Under the CPA**

Next, Plaintiffs' motion and supporting declarations do not identify *any* injury to business or property related to HSBC's alleged conduct. In fact, there is no evidence in the record to show that Plaintiffs have suffered an injury to their business or property that can be tied to HSBC's conduct. Because Plaintiffs bear the burden to demonstrate injury at trial, their claim against HSBC fails on that basis alone. The court should accordingly grant HSBC's Cross-Motion For Summary Judgment on the CPA claim.

**3. Plaintiffs Cannot Demonstrate Causation Under the CPA**

Finally, Plaintiffs' motion and supporting declarations further fail to identify any evidence to show that HSBC's alleged conduct caused Plaintiffs to suffer any injury. In fact, there is no evidence on this record that could support the causation element as to HSBC. Again, there is no evidence that HSBC has ever interacted directly with Plaintiffs, or that it directed Nationstar to

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

engage in any of the conduct alleged in the Third Amended Complaint. Because Plaintiffs bear the burden to demonstrate causation at trial but are necessarily unable to do so, summary judgment should be granted in HSBC's favor on this claim.

**4. HSBC is not Vicariously Liable for the Acts of its Agents**

Plaintiffs also attempt to make out a CPA claim against HSBC on a theory of vicarious liability, arguing that HSBC may be held liable for the conduct of its agents. However, the argument misconstrues Washington law and is unsupported by the evidence.

First, as discussed in Nationstar's contemporaneous Cross-Motion For Summary Judgment, Nationstar did not violate the CPA in any way. Second, Plaintiffs have not cited, and HSBC has not located, a single case under Washington law in which a beneficiary was found vicariously liable for the acts of its servicer. The cases relied on by Plaintiffs relate to liability between a beneficiary and a foreclosure trustee where the beneficiary so controls the trustee that the beneficiary essentially captures the trustee. *Walker v. Quality Loan Serv. Corp.*, 176 Wn. App. 294, 313 (2013), *overruled on other grounds by Frias v. Asset Foreclosure Servs., Inc.*, 181 Wn.2d 412 (2014); *King v. Bank of Am., N.A.*, C15-1014-TSZ, 2015 WL 12930129, at *3 (W.D. Wash. Dec. 28, 2015) (acknowledging possibility of beneficiary's vicarious liability for acts of trustee).

Third, under Washington law, a principal is only liable for the activities of its agent that the principal has the right to control. *Kroshus v. Koury*, 30 Wn. App. 258, 267 (1981) (principal liable only for agent's activities over which principal has a right of control); *see also Stephens v. Omni Ins. Co.*, 138 Wn. App. 151, 183 (2007) ("The right to control is indispensable to vicarious liability."). Plaintiffs thus have the burden of demonstrating that HSBC had the right to control BANA and Nationstar in the day-to-day servicing of Ms. Hunter's Loan. As the Washington Court of Appeals has already explained, in *Reisinger v. Deutsche Bank Nat. Tr. Co.*, 174 Wn. App. 1060, *5 (2013) (unpublished) (footnote omitted), evidence of the right to control is crucial to this claim:

> To survive summary judgment, the Reisingers must raise a genuine issue of material fact regarding Deutsche's right to control AHMSI's loan modification negotiations with the Reisingers. The record shows that the Reisingers submitted

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

> no evidence of control in their summary judgment materials. Because the Reisingers failed to sustain their burden, the trial court properly granted summary judgment in favor of Deutsche.

Here, there is no evidence in the record to demonstrate such a relationship permitting control over day-to-day servicing actions of HSBC's servicing agents. Nor could there be, because Plaintiffs fundamentally misunderstand the role of a trustee of a securitized mortgage trust. As Nationstar testified in its deposition, HSBC simply oversees the pool of loans in the trust pursuant to the applicable pooling and servicing agreement. Brown Dep. 17:15–25. But HSBC does not oversee servicing in general, and in particular does not oversee or participate in individual loan modification requests. Brown Dep. 21:2–11; 137:3–138:20. Accordingly, HSBC is entitled to summary judgment on Plaintiffs' vicarious liability theory because there is no evidence that HSBC had any right to control its servicing agents' conduct in servicing the Loan.

**B. Keith Hunter has No Standing to Assert a CPA Claim**

Plaintiff Keith Hunter is not a party to the Loan that is at the heart of this case. Although he lives in the Property, the CPA claim against HSBC arises solely from purported obligations to Ms. Hunter stemming from the Loan itself. Mr. Hunter, a non-party to the Loan, would have no basis to complain about HSBC's role even if there were any other basis for a CPA claim against HSBC.

The Washington Supreme Court has established a two-part test for determining whether a party has standing to bring a particular action. *Grant County Fire Prot. Dist. No. 5 v. City of Moses Lake*, 150 Wn.2d 791, 802 (2004). First, the court should consider whether the interest asserted is arguably within the zone of interests to be protected by the statute in question. *Id*. Second, the court should consider whether the party seeking standing has suffered from an injury in fact, economic or otherwise. *Id*. Both tests must be met. *Id*. Here, Mr. Hunter lacks standing because he is not within the zone of interests to be protected by the various statues cited in support of the CPA claim (the FFA (RCW 61.24.163) or Regulation X (12 C.F.R. § 1024.38(b), (c), 12 C.F.R. § 1024.40(b)), nor has he suffered an injury in fact. First, each statutory scheme is expressly designed

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300

to protect *borrowers* who enter into residential mortgage loan transactions. Mr. Hunter is not a borrower here and has no contractual or other relationship with HSBC. Although he may purport to represent his mother with respect to the Loan, this does not make him a party to the Loan or grant him standing. Similarly, Mr. Hunter cannot point to any injury done to him that would be distinct in any way from any hypothetical injury suffered by the borrower. HSBC is accordingly entitled to summary judgment on the CPA claim to the extent it is asserted by Mr. Hunter as opposed to Ms. Hunter.

## V. CONCLUSION

For all the foregoing reasons, HSBC respectfully requests that the court deny Plaintiffs' Partial Motion for Summary Judgment and instead grant its Cross Motion for Summary Judgment as to the CPA claim asserted against HSBC.

DATED: June 22, 2020.

HOLLAND & KNIGHT LLP

By: *s/ Garrett S. Garfield*

David J. Elkanich, WSBA No. 35956
E-mail: david.elkanich@hklaw.com
Garrett S. Garfield, WSBA No. 48375
E-mail: garrett.garfield@hklaw.com
Nellie Q. Barnard, WSBA No. 50587
E-mail: nellie.barnard@hklaw.com
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300
Fax: 503.241.8014

*Of Attorneys for Nationstar Mortgage LLC & HSBC Bank USA, N.A. as Trustee for Merrill Lynch Mortgage Investors, Inc., Mortgage Pass-Through Certificates, MANA Series 2007-OAR2*

HSBC'S OPPOSITION TO AND CROSS-MOTION FOR SUMMARY JUDGMENT: CASE NO. 2:16-cv-01718 RAJ - PAGE 11
#74810566_v3

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR 97204
Telephone: 503.243.2300