Christopher G. Varallo, WSBA No. 29410
Steven J. Dixson, WSBA No. 38101
WITHERSPOON · KELLEY
422 W. Riverside Avenue, Suite 1100
Spokane, WA  99201-0300
Telephone:  (509) 624-5265
Facsimile:   (509) 458-2728
cgv@witherspoonkelley.com
sjd@witherspoonkelley.com

*Attorneys for Defendant Bank of America, N.A.*

**Hon. Richard A. Jones**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| KEITH HUNTER, an individual, and ELAINE HUNTER, an individual,<br><br>                    Plaintiffs,<br>          v.<br><br>BANK OF AMERICA, N.A.;<br>SPECIALIZED LOAN SERVICING, LLC, a Delaware limited liability company;<br>NATIONSTAR MORTGAGE, LLC, a Delaware limited liability company;<br>QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, a Washington corporation;<br>HSBC BANK USA, N.A., as Trustee for Merrill Lynch Mortgage Investors, Inc., Mortgage Pass-Through Certificates, MANA Series 2007-OAR2;<br>JOHN DOES NO. 1 - 10,<br><br>                    Defendants. | No.  2:16-cv-01718-RAJ<br><br>DEFENDANT BANK OF AMERICA, N.A.'S MOTION FOR RECONSIDERATION OF MARCH 11, 2021 SUMMARY JUDGMENT ORDER [Dkt. 111]<br><br>**NOTED ON MOTION CALENDAR: March 25, 2021 per Local Rule 7(h)** |

DEFENDANT BANK OF AMERICA, N.A.'S
MOTION FOR RECONSIDERATION OF MARCH 11,
2021 SUMMARY JUDGMENT ORDER  - 1
Case No. 2:16-cv-01718-RAJ
S2189943.DOCX



422 W. Riverside Avenue, Suite 1100      Phone: 509.**624.5265**
Spokane, Washington 99201-0300              Fax: 509.**458.2728**

## I. RELIEF REQUESTED

Defendant Bank of America, N.A. ("BANA") respectfully moves for reconsideration of this Court's March 11, 2011 Order [Dkt. 111] ("Order") denying BANA's Motion for Summary Judgment [Dkt. 90] ("BANA's Motion") and granting in part and denying in part Plaintiffs' Motion for Partial Summary Judgment on Liability [Dkt. 76]. This Motion is brought pursuant to Local Civil Rule 7(h), which requires a moving party believing manifest error is present in the prior ruling to identify matters believed to have been "overlooked or misapprehended" and the "particular modifications being sought." BANA contends that genuine issues of material fact are in dispute which preclude summary judgment in favor of Plaintiffs on the claims in this litigation, and, further, that material facts have been misapprehended such that the Court should reconsider granting summary judgment for BANA.

Due to the many issues and arguments presented by the several parties' cross-motions for summary judgment, the Court may have overlooked or misapprehended the foregoing issues, and BANA, therefore, respectfully requests that the Court reconsider its Order to avoid manifest injustice and narrow the issues required for trial. Additionally, the deposition of Plaintiff Keith Hunter was completed after the dispositive motions were filed and briefed. As this deposition could not be presented to the Court with BANA's initial dispositive motions practice, it should be reviewed and considered now.[1]

---

[1] Plaintiff Keith Hunter's deposition highlights the issue disputed material fact related to timeliness, causation, and injury. In his deposition, Keith Hunter testified that he would have seen all the mail related to the loan. Ex. A, p. 64:8-10. He denies receiving the statements to which the payment coupons were attached, declaring that these statements were phony, despite them being sent to the address where he would receive mail. *Id*., at pp. 52:1-14, 55:9, 56:25, 57:11. He also denies seeing notice of intent to accelerate sent by BANA in December 2011. *Id*., at p. 63:7. Mr. Hunter's deposition shows a distinct lapse in memory, as he remembers the payment coupons attached to the monthly statements, but testifies that he does not recall the remainder of the document. Such conflict in his testimony is sufficient to establish a dispute of material fact and should be sufficient to deny Plaintiffs' Motion for Summary Judgment in its entirety or at the very least Plaintiffs' CPA claim should not be granted at summary judgment. A true and correct copy of excerpts of Plaintiff Keith Hunter's deposition are attached as **Exhibit A**.

DEFENDANT BANK OF AMERICA, N.A.'S
MOTION FOR RECONSIDERATION OF MARCH 11,
2021 SUMMARY JUDGMENT ORDER - 2
Case No. 2:16-cv-01718-RAJ
S2189943.DOCX

**WK** WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.**624.5265**
Spokane, Washington 99201-0300    Fax: 509.**458.2728**

## II.     LEGAL ARGUMENT AND AUTHORITY

### A.     Legal Standard for Reconsideration

Local Rule 7(h) provides the standard for motions for reconsideration stating that such motions are disfavored and will ordinarily be denied "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."  The Ninth Circuit permits litigants to seek reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b)(6).  *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *Sierra On-line, Inc. v. Phoenix Software, Inc.,* 739 F.2d 1415, 1419 (9th Cir. 1984).  A Rule 60(b) motion permits reconsideration where there is a showing of, *inter alia*, "any [] reason that justifies relief."  *Id.*  Pursuant to Rule 59(e), a movant is entitled to reconsideration of an interlocutory order where it can show the "need to correct clear error or prevent manifest injustice."  *Harvest v. Castro,* 531 F.3d 737, 749 (9th Cir. 2008).  Whether to grant reconsideration is committed to the sound discretion of the court.  *Kona Enter., Inc. v. Estate of Bishop,* 229 F.3d 877, 883 (9th Cir. 2000); *see also Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 12 (1983).  BANA moves the Court to reconsider its Order to prevent "manifest injustice."  Undersigned counsel certifies that he conferred with opposing counsel prior to filing this Motion, as required by the Court's Scheduling Order.

### B.     The Court Should Reconsider Its Order Granting Summary Judgment for Plaintiffs on Their CPA Claim.

#### 1.     There Remain Disputes of Material Fact that Preclude a Finding that Plaintiffs' CPA Claim is Timely.

In ruling in Plaintiffs' favor on the timeliness of the CPA claim, the Court accepts as undisputed fact the testimony of Keith Hunter, despite contrary testimony and evidence

DEFENDANT BANK OF AMERICA, N.A.'S
MOTION FOR RECONSIDERATION OF MARCH 11,
2021 SUMMARY JUDGMENT ORDER  - 3
Case No. 2:16-cv-01718-RAJ
S2189943.DOCX



WK WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100     Phone: 509.**624.5265**
Spokane, Washington 99201-0300          Fax: 509.**458.2728**

existing. In particular, the Court acknowledges Hunter's declaration that he did not investigate further why payments made in late 2011 and early 2012 were rejected based on the alleged statements of Paul Mills, who Keith Hunter claims told Plaintiffs that their loan modification was guaranteed and that they could ignore the issue of the returned payments. The Court, based on that testimony, rules that Plaintiffs did not "discover" or have reason to investigate BANA's purported misrepresentations until August 2012 when Mr. Mills advised that the loan had been sold and would not be modified by BANA. It is critical to Plaintiffs' claim that the Court find August 2012 as the date on which the "discovery rule" applies because Plaintiffs did not file their complaint until just under four years later in July 2016. However, the Court's reasoning that the events leading up to the August 2012 conversation are undisputed is deeply flawed.

Paul Mills, who is long-retired and a disinterested third party, provided testimony that contradicts Plaintiff's position. At his deposition, and also in his written declaration, former BANA employee Mr. Mills testified contrary to Mr. Hunter's statements. Mills' testimony was that he would never promise anyone that they would receive a loan modification and never had the authority to do so. Dkt. 94, Declaration of Paul D. Mills ("Mills Decl."), ¶¶ 4-11; Dkt. 95, Declaration of Christopher G. Varallo ("Varallo Decl."), ¶ 2, Ex. 1, p 13:5-17 (Deposition of Paul D. Mills Transcript Excerpts). Mills did not have the final say or authority to determine if a loan modification would be granted, and never made representations to that effect. Mills Decl., ¶ 11; Varallo Decl., Ex. 1, p 135:23-137:19.

What Mr. Mills allegedly advised Plaintiffs about their returned payments is material to whether Plaintiffs had reason to investigate BANA's alleged misrepresentations, and is thereby material to sustaining or denying the application of the discovery rule to the CPA claim. The

DEFENDANT BANK OF AMERICA, N.A.'S
MOTION FOR RECONSIDERATION OF MARCH 11,
2021 SUMMARY JUDGMENT ORDER  - 4
Case No. 2:16-cv-01718-RAJ
S2189943.DOCX



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

credibility of the testimony from Mr. Mills and Plaintiffs regarding the disputed material facts must be determined by the trier of fact and cannot be found at summary judgment.

The Court should reverse its ruling granting Plaintiffs' summary judgment and allow this issue to proceed to trial to resolve disputed issues of material fact. BANA requests that the Court modify its Order and deny Plaintiffs' summary judgment on their CPA claim.

### 2. The Court Should Deny Summary Judgment to Plaintiffs on the Issue of Causation.

#### 1. Genuine Issues of Disputed Material Fact Exist Concerning the Proximate Cause of Plaintiffs' Alleged Injuries.

Sufficient evidence exists to establish genuine issues of material fact concerning the proximate cause of Plaintiffs' alleged injuries. Plaintiffs offer no evidence explaining why any alleged confusion in the amount due on the Loan prevented them from making the full payment based on the amount due as set forth in BANA's August 2011 notice or subsequent loan statements. In fact, payments pursuant to the August 2011 notice were required pursuant to the mitigation doctrine. Motion at 13. Plaintiffs offer nothing to explain their failure to submit the full payments. Plaintiffs take the untenable position that because information on past due amounts was listed on a separate page of the statements and the phrase "Your Payment Choices This Month" was in larger and bold font, that somehow nullifies the immediately following information which states "Past Due Payment Amount." Dkt. 10, p. 8:9-21. Sufficient facts are in the record to establish the existence of genuine disputes of material fact that preclude summary judgment on the causation element of the CPA claim. *See Indoor Billboard*, 162 Wn.2d at 82-84.

Further, the Court finds that Plaintiffs were working with BANA's Mr. Mills in December 2011, yet BANA's loan records reflect Mr. Mills' notation that Plaintiffs did not

DEFENDANT BANK OF AMERICA, N.A.'S
MOTION FOR RECONSIDERATION OF MARCH 11, 2021 SUMMARY JUDGMENT ORDER  - 5
Case No. 2:16-cv-01718-RAJ
S2189943.DOCX



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.**624.5265**
Spokane, Washington 99201-0300         Fax: 509.**458.2728**

mention the issue of their returned monthly payments until discussions with him on or about January 17, 2012.  Order at 4; Motion at 5; BANA Decl., Ex. E.  Mr. Mills then timely completed his investigation of the matter, and BANA thereafter sent Plaintiffs correspondence explaining why the payments were changed effective in November 2011.  *Id.*  Whether Plaintiffs were timely in bringing the payment issue to BANA's attention for resolution is therefore also a disputed material fact bearing on Plaintiffs' CPA claim.  The relatively lengthy time that lapsed before Plaintiffs brought their concerns forward after receiving the August 2011 notice is sufficient to make any assignment of proximate cause against BANA suspect.

### 2. **BANA Is Not the Proximate Cause of the Injuries Plaintiffs Allege Because Plaintiffs Had Constructive Knowledge of the Amount Due on the Loan**.

Plaintiffs failed to exercise proper diligence in determining the amount due to bring the Loan current.  During Plaintiff Elaine Hunter's November 14, 2011 call concerning the rejected credit card payment (BANA Decl., Ex. G, ¶ 16; Order at 10-11), Plaintiff was given allegedly erroneous information concerning the amount due to bring the Loan current.  The facts are not in dispute that, by the time of Elaine Hunter's call with BANA, Plaintiffs had received BANA's August 15, 2011 notice of the amount of the changed payment that would become effective in November 2011.  Black's Law Dictionary, *inter alia*, reflects the following concerning notice, which would also apply to BANA's notice to Plaintiffs:

> *Constructive notice*.  Constructive notice is information or knowledge of a fact imputed by law to a person (although he may not actually have it), because he could have discovered the fact by proper diligence, and his situation was such as to cast upon him the duty of inquiring into it.  Every person who has actual notice of *circumstances* sufficient to put a prudent man upon inquiry as to the particular fact, has constructive notice of the fact itself in all case in which, by prosecuting such inquiry, he might have learned such fact.

DEFENDANT BANK OF AMERICA, N.A.'S
MOTION FOR RECONSIDERATION OF MARCH 11, 2021 SUMMARY JUDGMENT ORDER  - 6
Case No. 2:16-cv-01718-RAJ
S2189943.DOCX



WK WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.**624.5265**
Spokane, Washington 99201-0300          Fax: 509.**458.2728**

BLACK'S LAW DICTIONARY 958 (5th ed. 1979.) (Internal emphasis added.) Here, BANA's August 15, 2011 written notice was unquestionably actual notice to Plaintiffs and reflected circumstances of the changed payment pursuant to the notice provisions of the Note, which actual notice pre-dated Plaintiff Elaine Hunter's November 14, 2011 call to BANA regarding the rejected credit card payment for the amounts submitted for October and November 2011. BANA Decl., Ex. G, ¶ 16. With the exercise of diligence proper under the circumstances, Plaintiffs would have obtained information from BANA's representative on November 14, 2011 confirming the amount due for their October and November 2011 payments, and resolving any alleged inconsistency between the information provided in the call and BANA's earlier August 2011 notice to Plaintiffs. Plaintiffs, however, do not allege making such inquiry on November 14, 2011. Therefore, whether they should be charged with knowledge of the amount in default after calling BANA is a disputed material fact because Plaintiffs' failed to make the inquiry that a prudent man would have made under the same circumstances.

      **3.**    **Plaintiffs' Reliance on a Flawed Comparison of BANA's March 9, 2012 Reinstatement and the February 28, 2012 Monthly Statement Does Not Credibly Support the Inference That BANA Proximately Caused Plaintiffs' Alleged Injuries.**

Here, Plaintiffs attempt to demonstrate that BANA's payment calculations are inaccurate and misleading by contrasting the amount due to reinstate the Loan in BANA's March 2012 reinstatement calculation, and the amount required to bring the Loan current as listed in Plaintiffs' February 2012 monthly loan statement. Plaintiffs' attempted comparison fails because the calculations underlying the questioned determinations rely on different inputs, and neither calculation contains the itemization required to distinguish between the amounts Plaintiffs purport to compare. Plaintiffs and their experts understand that differences exist among reinstatement calculations, payoff statements, and monthly loan statements, and know

DEFENDANT BANK OF AMERICA, N.A.'S
MOTION FOR RECONSIDERATION OF MARCH 11, 2021 SUMMARY JUDGMENT ORDER - 7
Case No. 2:16-cv-01718-RAJ
S2189943.DOCX

**WK** WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100   Phone: 509.**624.5265**
Spokane, Washington 99201-0300   Fax: 509.**458.2728**

there is simply no utility in doing the attempted comparison, in part because each calculation is prepared for a different purpose and may rely on inputs that are unique. The March 9, 2012 calculation was prepared as a reinstatement amount, and, for example, it would be completely within BANA's sound business discretion when preparing such a calculation to waive certain charges that may remain posted to the account on a monthly statement. On the other hand, the amount to bring the Loan current reflected in a monthly statement may consider escrows, ongoing and future. Nothing in evidence demonstrates that the Note would preclude BANA's conduct in that regard.

Concerning questions about how each document was prepared and the amounts reflected in each document, notably Plaintiffs cannot claim that they relied on or were injured by either because no evidence exists that Plaintiffs acted on either, as Plaintiffs only attempted to make minimum monthly payments throughout 2012. Moreover, it is disingenuous to believe that BANA would offer to reinstate the Loan pursuant to the March 2012 statement for less than was due, or that Plaintiffs would want to reinstate the Loan at the higher amount using the value from the February 2012 statement. BANA disputes that Plaintiffs have shown any calculations underlying the two statements are at issue, or have proven that either document is deceptive or inaccurate as a matter of law. The trier of fact should decide whether Plaintiffs' flawed reasoning here should be given any weight regarding proof of proximate causation. *Indoor Billboard/Washington, Inc.*, 170 P.3d 10.

The Court should reconsider its findings concerning the documents at issue, and, further, deny summary judgment to Plaintiffs on the CPA element of causation and allow this issue to proceed to trial to resolve disputed issues of material fact.

///

DEFENDANT BANK OF AMERICA, N.A.'S
MOTION FOR RECONSIDERATION OF MARCH 11,
2021 SUMMARY JUDGMENT ORDER  - 8
Case No. 2:16-cv-01718-RAJ
S2189943.DOCX

WK WITHERSPOON・KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100   Phone: 509.**624.5265**
Spokane, Washington 99201-0300        Fax: 509.**458.2728**

### 3. The CPA Claim is Time Barred.

The CPA claim relates to alleged misrepresentations that BANA purportedly made concerning Plaintiffs' loan payments and their loan modification application. When Plaintiffs had reason to know of the alleged misrepresentations is at the heart of the time-bar issue. Plaintiffs allege that statements by former BANA employee Mr. Mills led to their failure to recognize what they now allege as BANA's misrepresentations concerning the Loan. As an initial matter, Plaintiffs were not in contact with Mr. Mills until January 2012, however they clearly allege BANA wrongfully rejected payments starting in November 2011 based upon the misrepresentations allegedly arising in August 2011. *See generally,* TAC; Motion at 5; BANA Decl., Ex. E. Plaintiffs fail to explain why, before they met Mr. Mills in January 2012, they did not investigate the rejection of their November and December 2011 payments. "Application of the [discovery] rule is limited to claims in which plaintiffs could not immediately known of the cause of their injuries." *Matter of Estates of Hibbard*, 826 P.2d 690, 696 (Wash. 1992). Concerning the application of the discovery rule, the Washington Supreme Court has cited its decision in the *Gazija* case where plaintiff's application of the discovery rule was denied when plaintiff relied on his fiduciary relationship with his insurance agent, not knowing that his insurance policy had been cancelled. *Id.* at 694-695, citing *Gazija v. Nicholas Jerns Co.*, 86 Wn.2d 215, 221, 543 P.2d 338 (1975). In relevant part, the *Hibbard* court stated "plaintiff "respondent's cause of action accrued when he first suffered actual loss and had the first opportunity by the exercise of reasonable diligence to discover he had an actionable claim for unauthorized cancellation of the 'floater' policy."" *Id.*, citing *Gazija,* 86 Wn.2d at 223.

The limitations period should not be tolled because Plaintiffs knew that the amount of their monthly payment changed effective November 2011 on receipt of BANA's August 2011

DEFENDANT BANK OF AMERICA, N.A.'S
MOTION FOR RECONSIDERATION OF MARCH 11,
2021 SUMMARY JUDGMENT ORDER  - 9
Case No. 2:16-cv-01718-RAJ
S2189943.DOCX



WK **WITHERSPOON·KELLEY**
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.**624.5265**
Spokane, Washington 99201-0300         Fax: 509.**458.2728**

notice, Plaintiffs continued to receive regular monthly statements thereafter, and Plaintiffs were contemporaneously aware of the rejection of their payments and the resulting charges posted to the Loan. TAC, ¶¶ 53-79, 259. The facts reflect that Plaintiffs did not exercise the reasonable diligence required to justify the application of the discovery rule pursuant to the *Hibbard* decision. *See Hibbard* at 694-695; *Gazija* at 223.

Accordingly, BANA requests that the Order be modified to dismiss Plaintiffs' CPA claim in its entirety as untimely.

**C.     The Court Should Deny Summary Judgment to Plaintiffs on the Breach of Contract Claim.**

    **1.     The Notice at Issue Complies with the Notice Provision of the Contract.**

The Order states that BANA failed to provide Plaintiffs with "accurate or adequate notice of changes in the monthly payment with respect to the August 2011 letter" (Order at 16-17), and that "[s]uch a failure to provide proper notice constitutes a material breach of the Note's notice requirement" (*Id.* at 17). The notice provision in Section 4 of the Note provides: "4. NOTICE OF CHANGES … The Note Holder will deliver or mail to me a notice of any changes in the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice." The Court only considered the first sentence of the notice provision of the Note, Section 4, concerning BANA's obligation to notify Plaintiffs, but did not consider the term anticipating Plaintiffs would contact BANA with any questions after receiving the notice. Failing to consider the second sentence of Section 4, the Court never reached the provisions of the Note anticipating the behavior of Plaintiffs. Order at 16-18.

Despite the allegations, a fair reading of BANA's August 15, 2011 notice evidences that

DEFENDANT BANK OF AMERICA, N.A.'S
MOTION FOR RECONSIDERATION OF MARCH 11,
2021 SUMMARY JUDGMENT ORDER - 10
Case No. 2:16-cv-01718-RAJ
S2189943.DOCX

**WK** WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100     Phone: 509.**624.5265**
Spokane, Washington 99201-0300           Fax: 509.**458.2728**

BANA provided Plaintiffs with the information required by the Note. Specifically, BANA's letter provided the amount of the new payment and a telephone number and title of the bank representative to be contacted with any questions concerning the notice. Plaintiffs' failure to contact BANA frustrated the provision of the Note designed to protect Plaintiffs interest by providing a contemporaneous process wherein Plaintiffs could address questions and concerns regarding the new payments before they became due. Plaintiffs have provided no evidence of any provision in the Note that would preclude BANA from calculating the new payment pursuant to its ordinary business judgment informed by the then existing Loan history. In any event, the Note, including the notice provision, leaves the calculation of the payment to BANA and does not condition the amount of the new payment on any pre-approval by Plaintiffs prior to the effective date of the payment. Such a concept is simply not in the Note, and cannot support Plaintiffs' claim of breach of contract.

Despite having the contact information to obtain BANA's assistance in clearing up any confusion related to BANA's August 2011 letter, Plaintiff's Third Amended Complaint and the evidence of record is vague concerning the dates when Plaintiffs reached out to question the amount of the changed payment. *See generally,* TAC. BANA's records reflect that Plaintiffs' questions related to the November 2011 payment change were not raised until the time Plaintiffs' January 2012 discussions with BANA's Mr. Mills, and Plaintiffs thereafter received a written explanation from BANA concerning the payment change and November 2011 effective date. Motion at 5; BANA Decl., Ex. E. BANA agrees with the Court that the default on the Loan arose due to Plaintiffs' failure to make payments sufficient to meet their obligations under the Note; however, Plaintiffs clearly were in control of their destiny in this regard. That

DEFENDANT BANK OF AMERICA, N.A.'S
MOTION FOR RECONSIDERATION OF MARCH 11, 2021 SUMMARY JUDGMENT ORDER - 11
Case No. 2:16-cv-01718-RAJ
S2189943.DOCX

WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300   Fax: 509.458.2728

Plaintiffs continued to make payments in derogation of BANA's direction was Plaintiffs' conscious choice.

Accordingly, BANA requests that the Order be modified and summary judgment granted in its favor on the entirety of the breach of contract claim.

2. **Plaintiffs' Lack Damages Related to the Alleged Breach of the Notice Provision of the Contract.**

Even if a breach of the notice provision of the contract occurred, Plaintiffs have failed to establish damages stemming from the August 2011 letter. To survive summary judgment "the nonmoving party must establish an issue of material fact for the following elements: a contract imposed a duty; the defendant breached the duty; the defendant caused the breach that resulted in harm to the plaintiff." *Titus v. Wells Fargo, N.A.*, No. 3:15-cv-05690, 2017 WL 2443696, at * 6 (W.D. Wash. June 6, 2017) (*citing to Northwest Indep. Forest Mfrs. V. Dep't of Labor & Indus.*, 78 Wn. App. 707, 712 (1995)).

At the very least, issues of disputed material fact exist as to Plaintiffs' damages. Notably, Plaintiffs never once made a payment in accordance with and reliance on BANA's purported improper notices and statements. The August 2011 letter indicated the new monthly payment starting November 1, 2011, would be $6,931.48. During the November 15, 2011 phone call between Plaintiff Elaine Hunter and BANA, she was told the amount to bring the loan current was $10,120.26. Throughout 2012 Plaintiffs received loan statements that included the past due amounts, which Plaintiffs never attempted to pay. There is no evidence that exists that Plaintiffs ever attempted to pay the listed amounts.

BANA requests that the Court reconsider its findings that damages have been established as a matter of law concerning the contract between BANA and Plaintiffs, and further requests summary judgment in favor of BANA on Plaintiffs' breach of contract claim.

DEFENDANT BANK OF AMERICA, N.A.'S
MOTION FOR RECONSIDERATION OF MARCH 11,
2021 SUMMARY JUDGMENT ORDER - 12
Case No. 2:16-cv-01718-RAJ
S2189943.DOCX

**WK** WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.**624.5265**
Spokane, Washington 99201-0300          Fax: 509.**458.2728**

**D.   The Court Should Deny Summary Judgment to Plaintiffs on the Implied Covenant of Good Faith and Fair Dealing Claim.**

The Court concludes as a matter of law that BANA breached its contract with Plaintiff Elaine Hunter by failing "to provide accurate or adequate notice of changes in the monthly payment," and held that precluded BANA from meeting its obligation to cooperate with Plaintiffs.  Order at 18.  At a minimum, such a finding would require the Court to opine on whether Note Section 4 gave BANA discretionary or unconditional authority related to the substance of the required notice concerning the payment change at issue.  *See, e.g., Rekhter v. State*, 180 Wn.2d 102, 120, 323 P.3d 1036, 1044 (2014).  BANA contends it has complete authority concerning the notice in that regard, as the provision only provides for a notice to be provided before the date of the payment change, and that Plaintiffs should receive contact information, notably for the purpose of addressing any concerns *after* receipt of the notice.  Dkt. 92, Ex. B at 25.  BANA also contends that it interpreted the Note in good faith, and it expected Plaintiffs to follow through in good faith, and, pursuant to the Note (*id.*), timely raise their concerns regarding the August 2011 notice or other matters prior to the new payment becoming due.  The evidence here does not reflect Plaintiffs timely raised their concerns, and shows that BANA responded to Plaintiffs' concerns when raised.  Accordingly, BANA requests that the Court reconsider its Order on this claim and grant summary judgment in BANA's favor, or, alternatively, hold this matter for trial to resolve these disputed issues of material fact.

### III.   CONCLUSION

BANA respectfully requests that the Court reconsider its decision as to the foregoing issues for the reasons presented in this motion.  Revising the Court's prior order concerning these issues would further the goal of summary judgment, that is to narrow issues for trial, and failure to do so would result in manifest injustice.  Alternatively, BANA requests the Court

DEFENDANT BANK OF AMERICA, N.A.'S
MOTION FOR RECONSIDERATION OF MARCH 11, 2021 SUMMARY JUDGMENT ORDER - 13
Case No. 2:16-cv-01718-RAJ
S2189943.DOCX



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100     Phone: 509.**624.5265**
Spokane, Washington 99201-0300          Fax: 509.**458.2728**

reverse its ruling granting Plaintiff summary judgment, and allow this issue to proceed to trial to resolve disputed issues of material fact.

DATED this 25th day of March, 2021.

WITHERSPOON · KELLEY

By:  *s/ Christopher G. Varallo*
Christopher G. Varallo, WSBA #29410
Steven J. Dixson, WSBA #38101
422 W. Riverside Avenue, Suite 1100
Spokane, WA  99201
Telephone: (509) 624-5265
Fax: (509) 458-2728
E-mail: cgv@witherspoonkelley.com
sjd@witherspoonkelley.com
*Attorneys for Defendant Bank of America, N.A.*

DEFENDANT BANK OF AMERICA, N.A.'S MOTION FOR RECONSIDERATION OF MARCH 11, 2021 SUMMARY JUDGMENT ORDER  - 14
Case No. 2:16-cv-01718-RAJ
S2189943.DOCX

WITHERSPOON · KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.**624.5265**
Spokane, Washington 99201-0300    Fax: 509.**458.2728**

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of March, 2021.

1. I caused to be electronically filed the foregoing DEFENDANT BANK OF AMERICA, N.A.'S MOTION FOR RECONSIDERATION OF MARCH 11, 2021 SUMMARY JUDGMENT ORDER [Dkt. 111] with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

**Brendan W. Donckers**
bdonckers@bjtlegal.com, admin@bjtlegal.com, jmcclure@bjtlegal.com, ntigner@bjtlegal.com

**Daniel F. Johnson**
djohnson@bjtlegal.com, admin@bjtlegal.com, jmcclure@bjtlegal.com, ntigner@bjtlegal.com,

**Roger M. Townsend**
rtownsend@bjtlegal.com, admin@bjtlegal.com, jmcclure@bjtlegal.com, ntigner@bjtlegal.com

**Robert W. McDonald**
rmcdonald@qualityloan.com, cvnotice@mccarthyholthus.com, rockymcdonald@gmail.com

**David J. Elkanich**
serve.dje@hklaw.com

**Garrett S. Garfield**
serve.gsg@hklaw.com, glenn.johnson@hklaw.com

**Nellie Q. Barnard**
nellie.barnard@hklaw.com, kathy.kudrna@hklaw.com

**Fred B. Burnside**
fredburnside@dwt.com, JaimeWolcott@dwt.com, christiancervantes@dwt.com, lisabass@dwt.com, seadocket@dwt.com

**Frederick A. Haist**
frederickhaist@dwt.com, christinekruger@dwt.com, seadocket@dwt.com

2. I hereby certify that I have caused to be mailed by United States Postal Service the foregoing document to the following non-CM/ECF participants at the addresses listed below: **None**

DEFENDANT BANK OF AMERICA, N.A.'S MOTION FOR RECONSIDERATION OF MARCH 11, 2021 SUMMARY JUDGMENT ORDER - 15
Case No. 2:16-cv-01718-RAJ
S2189943.DOCX



422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300         Fax: 509.458.2728

3. I hereby certify that I have mailed by United States Postal Service the foregoing document to the following CM/ECF participants at the address listed below: **None.**

4. I hereby certify that I have hand-delivered the foregoing document to the following participants at the addresses listed below: **None**.

*s/ Christopher G. Varallo*
Christopher G. Varallo, WSBA No. 29410

DEFENDANT BANK OF AMERICA, N.A.'S
MOTION FOR RECONSIDERATION OF MARCH 11,
2021 SUMMARY JUDGMENT ORDER - 16
Case No. 2:16-cv-01718-RAJ
S2189943.DOCX

**WK** WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100   Phone: 509.**624.5265**
Spokane, Washington 99201-0300    Fax: 509.**458.2728**