HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEITH HUNTER, an individual, and
ELAINE HUNTER, an individual

           Plaintiffs,

  v.

BANK OF AMERICA, N.A., et al.,

           Defendants.

No. 2:16-cv-01718-RAJ

ORDER

## I.  INTRODUCTION

THIS MATTER comes before the Court on Defendant Bank of America N.A.'s Motion for Reconsideration, Dkt. 113, and Motion for Leave to File Supplemental Brief in Support of Motion for Reconsideration, Dkt. 131.  Having reviewed the motions, record, and relevant law, the Court **DENIES** both motions.

## II.  BACKGROUND

On March 11, 2021, the Court issued an order on four motions: (1) Plaintiffs Elaine and Keith Hunter's ("Plaintiffs") motion for partial summary judgment against Defendants Bank of America N.A. ("BANA"), Nationstar Mortgage LLC ("Nationstar"),

ORDER – 1

and HSBC Bank USA N.A. as Trustee for Merrill Lynch Mortgage Investors, Inc., Mortgage Pass-Through Certificates, MANA Serious 2007-OAR2 ("HSBC"), Dkt. 76; (2) BANA's motion for summary judgment, Dkt. 90; (3) Nationstar's cross-motion for summary judgment, Dkt. 91; and (4) HSBC's cross-motion for summary judgment, Dkt. 93.

On March 25, 2021, BANA timely filed a motion for reconsideration of the Court's March 11, 2021 order, specifically in denying BANA's motion for summary judgment and granting in part and denying in part Plaintiffs' motion for partial summary judgment on liability. Dkt. 113. Almost nine months later, on December 23, 2021, BANA filed a motion for leave to file a supplemental brief in support of the motion for reconsideration. Dkt. 131. BANA proffered a recorded conversation between BANA employee Paul Mills and Plaintiffs as new evidence warranting a supplemental brief. *Id*. The Court addresses each motion in turn, beginning with the latter.

### III.   DISCUSSION

Motions for reconsideration are governed by Local Rule 7(h), which provides the following:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rules W.D. Wash. LCR 7(h)(1). A motion for reconsideration must be filed within fourteen days after the order to which it relates is filed. W.D. Wash. LCR 7(h)(2).

**A.   Motion for Leave to File Supplemental Brief in Support of Motion for Reconsideration**

BANA filed timely filed its motion for reconsideration within the fourteen-day window imposed by LCR 7(h). BANA filed its motion for leave supplement the motion, however, almost nine months past the deadline. BANA argues that good cause exists to

ORDER – 2

grant such a request based on newly discovered evidence. Dkt. 131 at 2. BANA is correct that one of the purposes of a motion for reconsideration is to allow the Court to consider new facts which could not have been brought to its attention earlier with reasonable diligence. However, local rules require that such a motion be filed within fourteen days of the order to which it relates. The Court therefore denies BANA's motion for leave to file a supplemental brief in support of the motion for reconsideration, Dkt. 131, as untimely.

Even if the Court were to consider the alleged newly discovered evidence discussed in BANA's motion for leave to supplement, the Court finds that BANA's motion fails to establish a basis for reconsideration. BANA claims that newly discovered evidence, in the form of a tape recording and transcript of a conversation between Plaintiffs and former BANA employee Paul Mills that occurred in February 2012, establishes that (1) Plaintiffs understood their payment obligations and (2) BANA informed Plaintiffs about those obligations and the negative amortization of their loan. *Id.* Dkt. 131-1 at 3. The Court finds that this conversation does not constitute evidence that would change the Court's prior conclusions.

In its prior order, the Court documented BANA's inconsistent and inaccurate representations regarding the amount due. Dkt. 111 at 10-13. BANA does not dispute this. Instead, BANA argues that its own inconsistent representations were not, in fact, the cause of Plaintiffs' confusion regarding the amount due—rather, Plaintiffs' confusion regarding the negative amortization and the change in payment "stemmed from [Plaintiff Keith Hunter's] incorrect reading of the loan terms." Dkt. 131-1 at 4. BANA claims that in the recorded conversation with Mr. Mills, the Hunters "admitted that they were informed of the payment change and chose not to comply because they believed it was based on BANA making a mistake," and that they were not making the requested payments "because they disagreed on what was owed." *Id.* at 6. BANA argues that such admissions contrast with Mr. Hunter's Declaration regarding Plaintiffs' confusion and

ORDER – 3

lack of "clear instruction" from BANA, resulting from being "told to pay different amounts at different times by different people." *Id.* (citing Dkt. 79 at 2, ¶ 4).

However, a review of the transcript reveals no such contrast. Indeed, Mr. Hunter told Mr. Mills that after Plaintiffs were notified that the loan had matured, Mrs. Hunter called BANA to find out the new payment amount. Dkt. 132-2 at 27; 9-11. Mr. Hunter explained that Mrs. Hunter "got ahold of about 20 different people and got 20 different answers." *Id.* at 27:11-12. Finally, he explained, Mrs. Hunter was informed by a BANA representative to pay a certain amount, which she did. *Id.* at 27;14-19. When the check was returned to them, Mr. Hunter told Mrs. Hunter to "hold on a second, don't do anything until we figure this out . . . [s]omething's wrong and we need to get it straightened out." *Id.* at 27:25-28:4. The Court finds no substantial conflict between Mr. Hunter's Declaration and his statements in the recorded conversation with Mr. Mills, and certainly none that would render the Court's prior judgment on the related issues incorrect. This newly produced conversation in no way reveals any dispute of fact that precludes summary judgment with respect to Plaintiffs' CPA claim, or Plaintiff's Breach of Contract and Breach of Implied Covenant of Good Faith and Fair Dealing claims with respect to BANA's failure to provide proper notice of payment changes. BANA's request to file a supplemental brief in support of its motion for reconsideration based on this recorded conversation is DENIED.

**B.     Motion for Reconsideration**

In BANA's timely filed motion for reconsideration, Dkt. 113, BANA argues that "genuine issues of material fact are in dispute which preclude summary judgment in favor of Plaintiffs on the claims in this litigation," and that the deposition of Plaintiff Keith Hunter, which was not completed until after the dispositive motions were filed, should be reviewed and considered now. Dkt. 113 at 2.

With respect to its alleged issues of material fact, BANA first argues that the Court erred in ruling that Plaintiffs' CPA claim was timely. *Id.* at 4. The Court has

ORDER – 4

already ruled on this matter twice, *see* Dkt. 27, 111, and declines to reiterate its reasoning a third time given BANA's failure to present new facts or legal authority compelling a different result. BANA argues that testimony by Mr. Mills regarding the loan modification process contrasts with Plaintiffs' claims and is an issue of fact that precludes summary judgment. Dkt. 113 at 4, 9-10. This issue was already raised by BANA and considered by the Court in its prior ruling. *See* Dkt. 89 at 8 ("At no point in time did BANA employee Paul D. Mills promise a loan modification to Plaintiffs"). A motion for reconsideration is not an opportunity for parties to relitigate issues with the same arguments and facts raised in prior motions. Reconsideration of the timeliness of the CPA claim is unwarranted, and the motion to reconsider this issue is denied.

      BANA next argues that genuine issues of fact regarding the causation of Plaintiffs' injuries preclude summary judgment on the CPA claim. Dkt. 113 at 5-6. The Court again finds no basis for reconsideration of its ruling on this element as BANA fails to set forth any new facts or legal authority which could not have been brought to its attention earlier. While BANA may disagree with the Court's ruling, it has failed to demonstrate manifest error in the prior ruling. Similarly, the Court finds that BANA's disagreements with the Court's rulings on the breach of contract claim, *id.* at 10-12, and the breach of the implied covenant of good faith and fair dealing claim, *id.* at 13, fail to demonstrate manifest error or present new facts or legal authority that could not have been presented earlier with reasonable diligence.

      BANA's claim that summary judgment is precluded because Plaintiffs have not established damages as a matter of law is also unavailing. *Id.* at 12. BANA argues that no damages have been established in the breach of contract claim because "[t]here is no evidence that exists that Plaintiffs ever attempted to pay the listed amounts." *Id.* The Court need not address this argument as it is yet another improper effort to relitigate an issue. Nonetheless, the Court reiterates its prior conclusion that damages have been established "in the form of accumulated interest and late charges at minimum" for

ORDER – 5

purposes of summary judgment. Dkt. 111 at 17. The amount of damages has not been decided by the Court, but rather reserved for the factfinder. BANA makes no showing of manifest error with respect to this ruling.

Finally, the Court concludes that Mr. Hunter's deposition does not compel a reversal of the Court's prior rulings. The Court finds that BANA's allegations that Mr. Hunter's testimony reveals disputed material fact related to timeliness, causation, and injury are baseless. *See* Dkt. 113 at 2, n. 1. The Court's prior rulings are not contingent on any of the alleged disputes of material fact in his testimony, and BANA has demonstrated no manifest error in any of the Court's conclusions of law. BANA's motion for reconsideration, Dkt. 113, is therefore DENIED.

## IV.   CONCLUSION

For the reasons stated above, the Court **DENIES** BANA's Motion for Reconsideration, Dkt. 113, and **DENIES** BANA's Motion for Leave to File Supplemental Brief in Support of Motion for Reconsideration, Dkt. 131.

DATED this 6th day of January, 2022.

The Honorable Richard A. Jones
United States District Judge

ORDER – 6