HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEITH HUNTER, an individual, and ELAINE HUNTER, an individual<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>Defendants. | No. 2:16-cv-01718-RAJ<br><br>ORDER |

THIS MATTER comes before the Court on Defendants Nationstar Mortgage, LLC and HSBC Bank USA, N.A.'s (collectively, "Nationstar") Motion for Sanctions Under Rule 30(d) and for an Order to Show Cause Why Brian Carl Should Not Be Held in Contempt Under Rule 45(g). Dkt. 136. Plaintiffs Elaine and Keith Hunter (collectively, "Plaintiffs") oppose the motion. Dkt. 142. The Court held a hearing on the matter via Zoom on February 4, 2022. Plaintiffs' and Nationstar's counsel appeared for the proceeding; Mr. Carl indicated to the Court via email earlier that day that he was unable to attend the proceeding due to a head injury.

Under Rule 30(d)(2) of the Federal Rules of Civil Procedure, a court "may impose

ORDER – 1

1   an appropriate sanction—including the reasonable expenses and attorney's fees incurred
2   by any party—on a person who impedes, delays, or frustrates the fair examination of the
3   deponent." Sanctions under this rule may apply to parties as well as non-parties. *See*
4   *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1158 (9th Cir. 2010). In
5   the pending motion, Nationstar alleges that Mr. Carl's hostile conduct and unilateral
6   termination of his January 17, 2022 deposition precluded a fair examination. Dkt. 136 at
7   7-9. Plaintiffs do not dispute that Mr. Carl's conduct was "grossly inappropriate during
8   his deposition." Dkt. 142 at 2. Nationstar therefore moves for a sanction of a second
9   deposition "conducted with a judicial officer present and while being audio-and video-
10  recorded." Dkt. 136 at 12.

11      Nationstar also moves for an order to show cause why Mr. Carl should not be held
12  in contempt under Rule 45(g) for his failure to obey a properly issued subpoena. *Id.* at 2.
13  Under Rule 45(g), a court "may hold in contempt a person who, having been served, fails
14  without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P.
15  45(g). Based on representations by both Nationstar and Plaintiffs, the Court finds Mr.
16  Carl's conduct on the January 17, 2022 deposition to be unacceptable. The Court does
17  not tolerate such conduct in defiance of a subpoena. Because Mr. Carl was unable to
18  attend the hearing on this matter, the Court will provide him with an opportunity to be
19  heard on the issue.

20      The Court hereby **ORDERS** Mr. Carl to attend a show cause proceeding via Zoom
21  on February 9, 2022 at 2:30 p.m. to explain why he should not be held in contempt for his
22  failure to obey a subpoena and provide testimony as required. The Court will determine
23  appropriate sanctions, if any, and address remaining issues at the hearing. The
24  participants may join the Zoom proceeding using the link and Meeting ID below.
25  //
26  //
27  //
28  ORDER – 2

Zoom meeting link: https://wawd-uscourts.zoomgov.com/j/1608407006?pwd=SWRFRzFla1ZpaXlDWlVpTXZQaCtOUT09

Meeting ID: 160 840 7006

DATED this 4th day of February , 2022.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 3